UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DONALD DESCHAINE, | * |
| | * |
| Plaintiff | * |
| | * |
| v. | *   CIVIL ACTION NO. |
| | * |
| CRD METALWORKS LLC, and | * |
| CHRISTOPHER M. DUVAL | * |
| | * |
| Defendants | * |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, Donald Deschaine, by and through counsel, and avers as follows:

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, and because there is complete diversity of citizenship between Plaintiff and Defendants.

2. Venue in this judicial district is proper because the incident that is the subject of this lawsuit occurred in Maine and Defendants do business in Maine. Pursuant to Rule 3(b) of the Local Rules of the United States District Court for the District of Maine, this action is properly filed in and assigned to the District Court of Bangor, because a substantial part of the events or omissions giving rise to it occurred in Aroostook County, State of Maine.

## PARTIES

3. Plaintiff Donald Deschaine is a resident of Town of Madawaska, County of Aroostook, State of Maine.

4. Defendant CRD Metalworks LLC (hereafter "Defendant CRD") is a Massachusetts limited liability company with a principal place of business at 118 River Road, Leeds, Massachusetts. Defendant CRD engages in the business of designing, manufacturing, assembling, testing, inspection, selling and distributing automated firewood processors throughout the United States, including the State of Maine.

5. At all times pertinent to this Complaint, Defendant Christopher M. Duval is and has been the owner and manager of CRD Metalworks LLC, doing business at 118 River Road, Leeds, Massachusetts and residing at 17 Hyde Hill Road, Williamsburg, Massachusetts.

## FACTS

6. On information and belief, Defendants CRD Metalsworks, LLC and Christopher M. Duval have manufactured, distributed and sold many CRD Metalworks firewood processors in the state of Maine since at least 2008.

7. On June 30, 2020, Plaintiff was employed by Madtown Logging and Firewood in Madawaska, Maine as a firewood processor, and on that day and in that capacity, was operating a 2014 CRD Metalworks Rapido Loco firewood processing machine (hereinafter "Rapido Loco machine").

8. On information and belief, Defendants sold the Rapido Loco machine to Madtown Logging and Firewood in 2014, and since that time, it had not been significantly modified in any way material to this case.

9. The Rapido Loco machine was designed by Defendants such that large pieces of a tree trunk travel along a conveyor belt until they reach an automated circular saw that cuts the trunk into logs of preset length. Once cut to the desired length, the log falls into a splitting trough. Once the log lands in the splitting trough, the machine operator activates a hydraulic ram, which, once activated, forcefully pushes the log into a fixed splitting wedge that splits the log into pieces of firewood.

10. The Rapido Loco machine was designed by Defendants such that the machine operator, while forward-facing toward the machine controls, is positioned with his or her left side adjacent to the splitting trough described in the preceding paragraph.  In this position, the operator's left side is separated from the splitting trough by only a metal barrier that rises to approximately the operator's waist. Above this waist-high barrier is an opening through which the operator can turn to his/her left and reach down into the trough.

11. This opening was designed by Defendants specifically to enable the operator to reach into the trough with a pick tool in order to manipulate logs that have landed into the splitting trough in a position that is suboptimal for the hydraulic ram, once activated, to push the log into the fixed splitting wedge to split it.

12. On June 30, 2020, Plaintiff was only on his second day on the job at Madtown Logging and Firewood, and by that time, had been trained to activate the hydraulic ram only by pulling down on a small lever in front of him each time he wanted to activate the hydraulic ram.

13. Unbeknownst to Plaintiff, the Rapido Loco machine was designed with an alternative means of activating the hydraulic ram: a single green button labeled "Auto Split" located to the left of the lever. This button was located such that an operator facing the splitting

trough and reaching over the waist-high metal barrier to manipulate a log within the trough would have his right hip/waist in the immediate vicinity of the green button.

14. At approximately 10:00 a.m. on June 30, 2020, Plaintiff was operating the Rapido Loco machine when a log fell into the trough into a suboptimal position for splitting. Plaintiff turned off the circular saw, turned to his left to face the trough, and reached with both hands into the splitting trough to reorient the log within it. With both hands located in the trough, Plaintiff knew that his hands could not engage the lever which he thought was the only way to activate the hydraulic ram. He therefore believed that the hydraulic ram posed no risk to his safety.

15. While Plaintiff's hands were located in the trough and attempting to manipulate the log, on information and belief his right hip/waist inadvertently made contact with the green "Auto Split" button and depressed it sufficiently to activate the hydraulic ram. Once activated, the hydraulic ram smashed the log into Plaintiff's left hand and wrist, driving the hand and wrist into the fixed splitting wedge and amputating Plaintiff's left hand at the wrist. In this process of hydraulic ram activation, Plaintiff's right hand was also fractured and severely injured.

16. Plaintiff's injuries include pain, suffering, emotional distress, permanent loss of use and function of both his hands, lost earning capacity, and he has been forced to incur bills for his care and treatment. All of these losses will continue into the future.

### COUNT I:  STRICT PRODUCTS LIABILITY
### (DEFENDANTS CRD METALWORKS, LLC AND CHRISTOPHER M. DUVAL)

17. Plaintiff realleges and incorporates by reference all other paragraphs in this complaint.

18. Defendants developed, designed, tested, manufactured, advertised, promoted, distributed, sold, and issued warnings regarding the Rapido Loco machine.

19. The Rapido Loco machine that caused Plaintiff's injuries was defective and unreasonably dangerous for reasons including but not limited to the following:

   a. The "Auto Split" button designed to activate the hydraulic ram was located in a position that created the risk of inadvertently activating the hydraulic ram while the operator's hands were located in the splitting trough;

   b. The "Auto Split" button activated the hydraulic ram when pressed a very shallow amount, with little force;

   c. The "Auto Split" could activate the hydraulic ram with pressure from only one hand or even if the operator's waist/hip bumped or jostled the button;

   d. Feasible alternative designs to activate the "auto split" function to prevent inadvertent activation of the splitting ram and guarantee the operator's hand or hands could not be located in the splitting trough when the ram was activated include, but are not limited to: a recessed or collared button for the 'auto split' function; a button that required more force to depress; a different placement of the auto split button away from the splitting chamber; a control mechanism requiring two hands to activate auto split; a seat sensor so the hydraulic splitting ram cannot operate unless the operator is seated; or an interlocking device guarding the splitting chamber so that the hydraulic splitting ram cannot operate when a window allowing access to the splitting chamber is open;

   e. Defendants failed to adequately warn Plaintiff or other foreseeable users about the risks associated with inadvertent decompression of the Auto Split button while users' hands were located within the trough;

   f. The Rapido Loco machine failed to perform as safely as an ordinary consumer

would expect during use, because, by virtue of its defective design, its hydraulic ram could be inadvertently activated while the operator's hands were located in the splitting trough;

g. The risks associated with the Rapido Loco machine as designed, manufactured, and sold outweighed its benefits as designed, manufactured, and sold.

20. On June 30, 2020, the Rapido Loco machine operated by Plaintiff had not, since Defendants sold it to Madtown Logging and Firewood, been modified in any way material to the above-described incident in which Plaintiff was severely injured.

21. The defective and unreasonably dangerous condition of the Rapido Loco machine was a proximate cause of Plaintiff's severe injuries.

## COUNT II: NEGLIGENCE
### (DEFENDANTS CRD METALWORKS, LLC AND CHRISTOPHER M. DUVAL)

22. Plaintiff realleges and incorporates by reference all other paragraphs in this complaint.

23. Defendants owed a duty to foreseeable users of the Rapido Loco machine, including Madtown Logging and Firewood employees operating the Rapido Loco, to exercise reasonable care in developing, designing, testing, manufacturing, issuing warnings regarding, distributing, selling, and inspecting the Rapido Loco machine.

24. Defendants were negligent and breached their duties for reasons including but not limited to the following:

a. The owner of CRD and designer of the Rapido Loco machine, Christopher M. Duval, has testified under oath he has no education in engineering, no certifications of any kind, and no training or education in designing machines;

    b.     The owner of CRD and designer of the Rapido Loco machine, Christopher M. Duval, has testified under oath that he consulted no standards or guidelines in designing the Rapido Loco machine and has never looked at a standard or guideline from ANSI or OSHA;

    c.     The owner of CRD and designer of the Rapido Loco machine, Christopher M. Duval, has testified under oath that he consulted with no engineers in designing the first Rapido Loco machine and never had anyone review the design of the Rapido Loco machine for safety and engineering purposes;

    d.     The owner of CRD and designer of the Rapido Loco machine, Christopher M. Duval, has testified under oath that he did not do anything to design the Rapido Loco machine to eliminate the hazard to an operator when the operator manipulates a log in the splitting trough of the machine, despite being aware of the hazard;

    e.     CRD and Christopher M. Duval had actual knowledge that logs frequently entered the splitting trough in a crooked or other suboptimal position for splitting, requiring the operator to manipulate the log in the splitting trough before activating the splitting ram;

    f.     Despite actual knowledge of the need for an operator to manipulate logs in the splitting trough Defendants failed to design, guard, or warn against the danger of inadvertently activating the hydraulic splitting ram while the operator's hands were in the splitting trough in order to manipulate a log;

    g.     It was foreseeable that the 'auto split' button located at an operator's waist/hip level and requiring only a shallow depression and little force to

        activate the hydraulic splitting ram, could be inadvertently activated while the operator's hands were in the splitting trough manipulating a log;

h. Defendants had actual knowledge prior to Plaintiff's injury that on September 22, 2017, an operator's hand was severed while operating a Rapido Loco 60 machine manufactured by Defendants when the 'auto split' button was inadvertently depressed, inadvertently activating the splitting ram while the operator's hands were in the splitting trough;

i. Despite the availability of feasible alternative designs such as a collared or recessed button; a button that required more force to depress; alternative locations for the button away from the splitting chamber; a two-hand control for the 'auto split' button requiring both hands to engage it; a seat sensor so the hydraulic splitting ram cannot operate unless the operator is seated; or an interlocking device guarding the splitting chamber so that the hydraulic splitting ram cannot operate when a window allowing access to the splitting chamber is open, Defendants failed to employ any alternative designs to prevent foreseeable injury to an operator;

j. Defendants failed to reasonably warn Plaintiff or other foreseeable users of the Rapido Loco machine about the risks associated with inadvertent activation of the Auto Split button while users' hands were located within the splitting trough;

k. Despite actual knowledge of at least one prior serious injury to an operator due to the unreasonably dangerous 'auto split' button, Defendants chose not to provide post-sale warnings, recalls, or modifications to past

    purchasers of its Rapido Loco machines and chose not to modify the design of the Rapido Loco machine; and

  l. Defendants negligently designed, manufactured, tested, inspected, issued warnings regarding, and engaged in post market surveillance of the Rapido Loco machine.

25. Defendants' negligence was a proximate cause of Plaintiff's severe injuries.

### COUNT III: PUNITIVE DAMAGES
### (DEFENDANTS CRD METALWORKS, LLC AND CHRISTOPHER M. DUVAL)

26. Plaintiff realleges and incorporates by reference all other paragraphs in this complaint.

27. Defendants' conduct as detailed above amounts to actual or implied malice.

WHEREFORE, for the reasons set forth above, Plaintiff Donald Deschaine demands judgment against Defendants CRD Metalworks, LLC and Christopher M. Duval for compensatory damages, including past and future medical expenses, lost earnings and earning capacity, emotional distress, pain and suffering, lost enjoyment of life, permanent injury and impairment, punitive damages, interest, costs, and such other and further remedies as this Court deems just and equitable.

Dated: April 1, 2021        /s/ Dov Sacks
                 Dov Sacks, Esq.
                 James E. O'Connell, Esq.
                 Alicia F. Curtis, Esq.

                 Berman & Simmons, P.A.
                 P.O. Box 961
                 Lewiston, ME  04243-0961
                 (207) 784-3576
                 dsacks@bermansimmons.com
                 joconnell@bermansimmons.com
                 acurtis@bermansimmons.com
                 Attorneys for Plaintiff

1800697.doc